Todd M. Friedman (216752)
Darin Shaw (251037)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
dshaw@attorneysforconsumers.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TOM KLOCKER,** | ) Case No. 1:11-cv-01460-NJV |
| | ) |
| Plaintiff, | ) **FIRST AMENDED COMPLAINT** |
| | ) **FOR VIOLATION OF FEDERAL** |
| vs. | ) **FAIR DEBT COLLECTION** |
| | ) **PRACTICES ACT AND** |
| **AFNI, INC.,** | ) **ROSENTHAL FAIR DEBT** |
| | ) **COLLECTION PRACTICES ACT** |
| Defendant. | ) |
| _____ ) | |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

First Amended Complaint - 1

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).

## III. PARTIES

3. Plaintiff, Tom Klocker ("Plaintiff"), is a natural person residing in Humboldt county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4. At all relevant times herein, Defendant, AFNI, Inc., ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## IV. FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6. On or about August 27, 2010, Defendant sent Plaintiff an initial demand in an attempt to collect an alleged debt owed to AT&T.

7. Plaintiff had disputed the alleged debt with AT&T who confirmed that the debt was reported in error.

8. On or about October 2010, Plaintiff was notified by his credit report monitoring service that an alleged debt owed to AT&T had been placed for collection with a third party debt collector and the alleged debt had been negatively reported on his credit report.

9. On or about October 2010, Defendant negatively reported the alleged debt on Plaintiff's credit report, despite being aware that the debt was being disputed, a debt that was known or should have been known to be false.

10. Defendant's reporting of the alleged debt negatively affects Plaintiff's credit report and credit score.

11. On or about December 13, 2010, Plaintiff's counsel sent a letter informing Defendant that Plaintiff had been retained by counsel and to request that Defendant cease and desist from contacting Plaintiff directly.

12. Despite Plaintiff's counsel's efforts, Defendant continued to contact Plaintiff directly, including but not limited to, sending Plaintiff a collection letter dated March 18, 2011.

13. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

a) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§1692f));
b) Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt (§1692f(1));
c) Collecting an amount from Plaintiff that is not permitted by law (§1692f(1));
d) Communicating or threatening to communicate credit information which is known or which should be known to be false (§1692e(8));
e) Falsely representing the character, amount, or legal status of Plaintiff's debt (§1692e(2)(A));
f) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§1692e(10); and
g) Where Defendant had not yet made an attempt to contact Plaintiff's counsel or had not given Plaintiff's counsel sufficient time to respond to the initial attempt to communicate with Plaintiff's counsel, and where Plaintiff's counsel had not given Defendant permission to contact Plaintiff directly, communicating with Plaintiff directly after learning that Plaintiff is being represented by counsel (§1692c(a)(2).

14. As a result of the above violations of the FDCPA and RFDCPA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

15. Plaintiff reincorporates by reference all of the preceding paragraphs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the FDCPA;

    B.    Actual damages;

    C.    Statutory damages;

    D.    Costs and reasonable attorney's fees; and,

    E.    For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

16. Plaintiff reincorporates by reference all of the preceding paragraphs.

17. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

18. Further, *§1788.17* of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, *15 U.S.C. §1692d, and §1692d(5).*

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct

      violated the RFDCPA;

  B.     Actual damages;

  C.     Statutory damages for willful and negligent violations;

  D.     Costs and reasonable attorney's fees,

  E.     For such other and further relief as may be just and proper.

**<u>PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY</u>**

Respectfully submitted this 11th day of May, 2011.

                        By:    <u>/s Todd M. Friedman</u>
                                    **Todd M. Friedman (216752)**
                                    **Law Offices of Todd M. Friedman, P.C.**
                                    **369 S. Doheny Dr. #415**
                                    **Beverly Hills, CA 90211**
                                    **Phone: 877 206-4741**
                                    **Fax: 866 633-0228**
                                    **tfriedman@attorneysforconsumers.com**
                                    **Attorney for Plaintiff**